UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
AT LEXINGTON

CIVIL ACTION NO. 20-436-DLB-EBA

JOHN CALVIN BUCKLEY, IV                                        PETITIONER

v.                      **MEMORANDUM ORDER**
                       **ADOPTING REPORT AND RECOMMENDATION**

**SCOTT JORDAN,**
Warden, Kentucky State Penitentiary                            RESPONDENT

\* \* \* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the December 2, 2022 Report and Recommendation ("R&R") of United States Magistrate Judge Edward B. Atkins (Doc. # 39), wherein he recommends that the Court deny Petitioner John Calvin Buckley's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. # 1). Petitioner having filed Objections (Doc. # 44) and the time for Respondent[1] to reply having expired, the R&R is ripe for the Court's consideration. For the following reasons, Defendant's Objections to the R&R are **overruled**, the R&R is **adopted** as the opinion of the Court, and the § 2254 petition is **dismissed with prejudice**.

I.     FACTUAL BACKGROUND

This is a habeas action arising from John Buckley's 2012 rape conviction by a Fayette County, Kentucky jury. The facts of this case were dutifully recounted in all their lurid detail by the Kentucky Supreme Court in its unpublished opinion affirming Buckley's

---

[1]     As Magistrate Judge Atkins mentioned in his R&R, Scott Jordan, Warden of the Kentucky State Penitentiary, replaced Kevin Mazza, Warden of the Green River Correctional Complex, as the named Respondent in this action. (*See* Doc. # 38).

1

conviction. *Buckley v. Commonwealth*, No. 2013-SC-749-MR, 2015 WL 2339921 (Ky. 2015). Subsequent filings, including the state's 116-page Response (Doc. # 20) and Buckley's Reply (Doc. # 36), have largely declined to recount the facts, and instead rely on extensive block quotes from the Supreme Court opinion. The parties agree with the facts as presented there. (Doc. # 39 at 2 n.2). This Court will therefore only relate the most basic narrative necessary to understand the context of Buckley's § 2254 petition.

The jury found Buckley guilty of first-degree rape, first-degree sodomy, fourth-degree assault, and second-degree unlawful imprisonment based in part on an approximately 5-minute video Buckley recorded of the crime. *Buckley*, 2015 WL 2339921, at *1. Buckley argues that this encounter between him and JR, the victim, was normal behavior for them, that he did it for JR's enjoyment, not his own, and that video of previous consensual sex between him and JR (he regularly videotaped their encounters) would demonstrate this and prove his innocence. The jury saw the full video Buckley shot of the crime and a total of 37 seconds from videos of two other consensual sexual encounters between JR and Buckley, and disagreed, finding him guilty on all counts.

When the jury retired to deliberate on a recommended sentence, Buckley removed his electronic monitoring device and fled. *Id*. Law enforcement found him in Wyoming almost one year later, whereupon he was returned to Kentucky and pled guilty to charges of first-degree bail jumping and tampering with a monitoring device. *Id*. He was sentenced to 34 years in prison on all counts, including the trial convictions. *Id*.

II.  **PROCEDURAL HISTORY**

After his sentencing in September 2013, Buckley appealed as a matter of right to the Kentucky Supreme Court. *Buckley*, 2019 WL 4565236, at *1. There he argued that

the trial court erred by (1) denying his motion for a directed verdict, (2) allowing JR's testimony regarding his military service, pugnacious character, and gun ownership to show forcible compulsion, (3) allowing the state to show video of his search and arrest, (4) excluding evidence of JR's prior sexual history and preferences, (5) excluding video evidence of a prior sexual encounter between Buckley, JR and a third individual, (6) excluding details about JR's sexual relationship with one of Buckley's friends during a "break" in their relationship, (7) excluding rebuttal evidence related to her familiarity with guns, and (8) failing to remove two jurors for cause.  *Id*. at 4-12.  The Kentucky Supreme Court affirmed his conviction.  *See Buckley*, 2015 WL 2339921 (Ky. 2015).

Back in Fayette Circuit Court, Buckley filed a *pro se* motion for relief from judgment and conviction under Kentucky Rule of Civil Procedure 60.02(f).  *Buckley*, 2019 WL 4565236, at *1.  He then retained counsel, who filed a motion to vacate, set aside, or correct a judgment under Kentucky Rule of Criminal Procedure 11.42 and supplemented the *pro se* CR 60.02(f) motion.  *Id*.  In the facts section of his CR 11.42 motion, Buckley described several trial decisions made by his prior attorney that he considered to be proof of ineffectiveness, yet he only actually addressed seven of them in his argument.  (Doc. # 39 at 7).  Out of an abundance of caution, the government responded to all his allegations in its response, including those merely stated and not argued.  (*Id*. at 13-14). In reply, Buckley chided the government for responding to allegations not argued, stating that he was "not claiming that every fact listed in his Factual Background section amounts to ineffective assistance of counsel."  (*Id*.).  The trial court denied his motion.

Buckley then appealed to the Kentucky Court of Appeals.  There, he again presented a number of claims of ineffective assistance of counsel, including that:

3

> (1) counsel failed to adequately present a defense regarding his history of alternative sexual practices with the victim; (2) counsel failed to move to suppress evidence and statements that were unduly prejudicial; (3) counsel failed to investigate and prepare for trial and raise procedural objections; (4) counsel failed to provide mitigating evidence during the sentencing phase of trial; (5) cumulative error; and (6) he was entitled to an evidentiary hearing.

*Buckley*, 2019 WL 4565236, at *2. And yet again, he set forth "numerous purported deficiencies with [his] prior counselors in the background section of his appellate brief." (Doc. # 39 at 8). The Court of Appeals examined his six argued claims and affirmed the trial court's order. (*Id.*). The Kentucky Supreme court denied discretionary review. (*Id.*).

Finally, Buckley filed this petition for habeas relief under 28 U.S.C. § 2254.[2] He raised thirty-five claims of ineffective assistance of counsel and two claims of prosecutorial misconduct. (*Id.* at 12). The state, after several extensions, filed a 116-page response to every one of his claims. (Doc. # 20). Buckley replied. (Doc. # 36). Magistrate Judge Edward B. Atkins issued his Report & Recommendation, recommending that Buckley's petition be denied. (Doc. # 39). Buckley timely filed his Objections (Doc. # 44), and the R&R is now ripe for this Court's consideration.

### III.   REPORT AND RECOMMENDATION

Buckley presents thirty-seven claims based on two grounds for relief: thirty-five based on ineffective assistance of counsel and two based on prosecutorial misconduct. (Doc. # 39). Before analyzing Buckley's claims, Magistrate Judge Atkins began with a thorough statement of the law governing habeas petitions.

Federal court review of a state court's judgment is governed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which closely limits federal courts'

---

[2] Buckley also unsuccessfully petitioned Kentucky Governor Steve Beshear for a pardon and commutation of his sentence. (Doc. # 39 at 7).

4

scope of review. (*Id*. at 9-10). Essentially, federal courts may only review state court decisions made on the merits and may only grant relief from those decisions if the state court decision (1) unreasonably applied or acted contrary to clearly established federal law, or (2) was based on an unreasonable determination of the facts based on what was known at the time. (*Id*.); *see also* 28 U.S.C. § 2254(d)(1)-(2).

Because federal courts can only review claims that were adjudicated on the merits in state court, this Court is required to answer certain predicate procedural questions. Our system of federalism requires that "state courts should enjoy the first opportunity to cure a constitutional claim." (Doc. # 39 at 9). State courts are not second-class enforcers of federal law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844-45 (1999). Therefore, for a federal court to review his claims, Buckley must establish that the Fayette Circuit Court's rulings and the associated appellate decisions were "contrary" to United States Supreme Court precedent or based on an "unreasonable" application of that law. 28 U.S.C. § 2254(d)(1). A state court adjudication is contrary to federal law when that decision is opposite to that reached by the United States Supreme Court, and the adjudication involves an unreasonable application of federal law when the ruling "identifies the correct governing legal principle . . . but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). This requires Buckley to prove not just that the state courts *could* have ruled a different way, but that they *must* have done so. *Id*. at 411. This Court's opinion on the merits of the case is irrelevant. *Burt v. Titlow*, 571 U.S. 12, 18 (2013). And the state court's factual determinations "are presumed correct absent clear and convincing evidence to the contrary." 28 U.S.C. § 2254(e)(1).

Buckley cannot raise claims that he did not already raise in state court. Put another way, when a petitioner fails to properly raise a claim in state court or fails to pursue it through the state's ordinary appellate review process, that claim is procedurally defaulted. *Williams v. Mitchell*, 792 F.3d 606, 613 (6th Cir. 2015). In § 2254 actions, the federal court will decline the question when the "petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013) (citation omitted). Therefore, before examining the merits, Magistrate Judge Atkins first examined whether Buckley's individual claims were procedurally defaulted.

### A.     Ineffective Assistance of Counsel

Buckley raised thirty-five claims of ineffective assistance of counsel and Magistrate Judge Atkins found that twenty-eight of them were procedurally defaulted for failure to raise them first in the state court proceedings. (Doc. # 39 at 13-15). The claims are procedurally defaulted for two reasons.

First, all Buckley's claims except claims 2, 4, 6, 8, 10, 27, and 28 are defaulted by his failure to raise them in the state court proceedings. In fact, most of these are defaulted by Buckley's own admission. The majority of them are duplicative of the allegations raised in the various postconviction motions and briefs where they were included in the factual background sections. (*Id*. at 13-14). In those courts, Buckley explicitly stated that these allegations were not to be taken as arguments of ineffective assistance of counsel but were merely background information to the real arguments presented in the "argument" sections of his filings, and he chided the government attorneys for responding to them in full. (*Id*.). Magistrate Judge Atkins pointed out that these claims were therefore clearly

6

not presented to the state court first, as they were unargued and unaddressed by the judicial opinions disposing of the filings. (*Id*). They are therefore procedurally defaulted.

Second, a subset of those defaulted claims are defaulted for another reason: lack of specificity. (*Id*. at 14-15). Claims 3, 16, 17, 20, 25, 26, and 33 are defaulted because Buckley failed to comply with Kentucky Rule of Criminal Procedure 11.42 which requires a movant to "state specifically the grounds on which the sentence is being challenged and the facts on which the movant relies in support of such grounds." Ky. R. Crim. P. 11.42(2). In prior proceedings, the Kentucky Court of Appeals specifically told Buckley that these seven claims were conclusory and failed the particularity requirements of Rule 11.42, and then declined to reach the merits of the claims. *Buckley*, 2019 WL 4565236, at * 2. Thus, even though the claims were placed before the Court of Appeals, the merits were not. They are therefore unavailable for review because of a state procedural rule and accordingly defaulted. *See Hodge v. Haeberlin,* 579 F.3d 627, 639 (6th Cir. 2009) ("We have previously held . . . that Criminal Rule 11.42 is a regularly followed procedural rule that constitutes an adequate and independent ground for denying a claim."). "Therefore, Kentucky's determination that [Buckley] failed to properly plead his claim precludes review by this court absent a showing of cause for the default and resulting prejudice to the petitioner." *Id.*

However, Buckley cannot show cause and prejudice. *See Burroughs v. Makowski*, 411 F.3d 665, 667 (6th Cir. 2005) ("When a habeas claim is procedurally defaulted, it may nevertheless be considered if the petitioner shows cause for the procedural default and prejudice attributable thereto." (internal quotations omitted)). To show cause, Buckley must demonstrate that "some objective factor external to the defense impeded counsel's

7

efforts to comply with the State's procedural rule." *Cvijetinovic v. Eberlin*, 617 F.3d 833, 837 (6th Cir. 2010) (quoting *Murray v. Carrier*, 477 U.S. 478, 484 (1983)). "[I]neffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel." *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013). Therefore, Buckley's argument that the failure of his postconviction counsel to properly argue these allegations is unavailing. (Doc. # 39 at 16-17). He has not shown sufficient cause, let alone prejudice.

For these reasons, Magistrate Judge Atkins held that twenty-eight of Buckley's claims were procedurally defaulted and therefore beyond the reach of this Court to consider.

### B.    Prosecutorial Misconduct

Buckley also raised two claims of prosecutorial misconduct. (*Id*. at 15-16). Specifically, he objected to a series of statements made by the prosecutor during the closing argument. (Doc. # 1 at 13-14). However, he admits in his initial § 2254 petition that he did not raise these issues in the state court. (*Id*. at 13). Kentucky law requires that a defendant state all grounds for attacking his sentence in the initial CR 11.42 motion, which Buckley did not do. (Doc. # 39 at 16). Because these claims were not raised before the state court and he cannot return to raise them, they are procedurally defaulted. And he cannot show cause and prejudice to overcome this default for the same reasons as his prior claims. (*Id*.).

### C.    Remaining Claims

Seven of Buckley's claims remain to be resolved on the merits—all of which he raised first in state court and are properly before this Court. All seven are ineffective

8

assistance of counsel claims. (*Id*. at 17-19).

Magistrate Judge Atkins began by recounting the *Strickland* standard for evaluating an ineffective assistance of counsel claim and the "double deference" owed by a federal court in this context. (*Id*. at 19). Under the *Strickland* standard, Buckley must show (1) deficient performance by his counsel that (2) resulted in prejudice to his defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). When evaluating counsel's performance, this Court "indulge[s] a strong presumption that counsel's conduct falls within the wide range of reasonably professional assistance." *Id*. Buckley must show that his counsel's errors were so serious that they were essentially "not functioning as the counsel guaranteed by the Sixth Amendment." *Id*. (quotations omitted). Then, Buckley must show that given this deficiency, there was a substantial likelihood that the result of his trial would have been different. *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

When Strickland is applied on habeas review, the federal courts owe a kind of "double deference" to the state court's decision. (Doc. # 39 at 19). Essentially, this Court does not review counsel's performance *de novo*, but instead reviews the state court's opinion of counsel's performance for reasonableness. (*Id*.). The standards of AEDPA apply, and this Court should only overturn the state court decision if it unreasonably applied clearly established federal law. *See* 28 U.S.C. § 2254(d)(1)-(2).

Magistrate Judge Atkins then reviewed the seven remaining claims on the merits.

### 1. *Counsel's reliance on the prosecution's edited video clips*

Buckley's trial counsel allowed the state to trim down two video clips the parties agreed to introduce into evidence and did not view the videos before the state used them in its case in chief. (Doc. # 39 at 19-20). These allegations compose claims 2 and 6.

(*See* Doc. # 20 at 36). Buckley makes no allegation that the video clips as trimmed and shown to the jury violated the agreement between the parties or the trial court's order. (Doc. # 39 at 19-20). Neither does he challenge the holding of the Kentucky Court of Appeals that he failed to show how the result of the trial would have been different if his trial counsel had double-checked the Commonwealth's editing work or prepared its own clips. *Buckley*, 2019 WL 4565236, at *2. Thus, at the Court of Appeals he failed to satisfy *Strickland's* requirements that he show deficient performance and prejudice. On review here, this Court evaluates the Court of Appeals' application of *Strickland*, which in all ways appears reasonable. (Doc. # 39 at 20).

### 2.  *Counsel's failure to strike prospective jurors*

Next Buckley argues that his counsel was ineffective for failing to use a peremptory strike against two prospective jurors. (*Id*. at 20-21). He raised this issue in the state courts and lost. There, the Kentucky Supreme Court found that Buckley's counsel had "used his peremptory strikes on another juror for reasons determined to be necessary and, but for the exhaustion of his peremptory strikes, would have removed one of the [other] jurors." (*Id*. at 21 (quoting *Buckley*, 2019 WL 4565236, at *3)). Counsel made the tactical decision to use this scarce resource on another juror, and Buckley is not entitled to enough peremptory strikes to remove all potential jurors he might dislike. *Buckley*, 2015 WL 2339921, at *10-11. Further, Buckley failed to note how this prejudiced him, because the trial court determined that the juror's actions did not warrant dismissal for cause. Therefore, Magistrate Judge Atkins found the Kentucky courts' application of *Strickland* to be reasonable.

### *3.  Counsel's failure to oppose admission of Buckley's arrest video*

At trial, the jury saw an extended video of the Emergency Response Unit ("ERU") entering Buckley's home and arresting him. (Doc. # 39 at 22). His attorney did not move to have the video excluded, but instead agreed that it should be played for the jury. (*Id*.). On appeal at the Kentucky Supreme Court, Buckley challenged the video's relevance and the court agreed that the video was not relevant, and the trial court was therefore wrong to admit it. *Buckley*, 2015 WL 2339921, at *6-7. However, because the issue was not preserved, the court only evaluated the admission for palpable error, deciding that the video did not prejudice Buckley at all because he appeared cooperative and calm, undercutting the prosecution's theory of his character. *Id*. at *7. It therefore declined to hold that exclusion of the video would have altered the result of the trial. *Id*.

On post-conviction review of his CR 11.42 motion, Buckley argued that it was ineffective assistance of counsel for his attorney to fail to object to the video. (Doc. # 39 at 22). The trial court, noting the Kentucky Supreme Court's holding that the video did not prejudice Buckley, determined that counsel's performance was adequate under *Strickland*. (*Id*. at 23). On appeal, the Kentucky Court of Appeals decided that the Kentucky Supreme Court's prior consideration of the video's relevance precluded review of Buckley's ineffective assistance claim. (*Id*.). But, as Magistrate Judge Atkins pointed out, this is not correct. (*Id*.). The Kentucky Supreme Court only considered whether the video was relevant, not whether it was ineffective assistance for counsel to fail to object. (*Id*.). Therefore, while the issue was presented to the Court of Appeals, the court failed to take it up out of mistaken deference to the highest court. (*Id*.).

Ordinarily, the Court of Appeals' failure to take up the claim would not bar this

Court from hearing it *de novo*. (*Id*. at 23-24). But in the context of § 2254, this Court must "presume adjudication on the merits." (*Id*. at 24). In other words, this Court is "especially hesitant to find that a state court failed to adjudicate a matter on the merits." (*Id*.). Because of this, the "presumption prevails when a state court imperfectly discusses, rather than omits, a petitioner's federal claim." *Smith v. Cook*, 956 F.3d 377, 386 (6th Cir. 2020). Even if the state court does not wade through each issue within a claim, a decision on the ultimate claim is sufficient to qualify as a decision on the merits. *McKinney v. Hoffner*, 830 F.3d 363, 368-69 (6th Cir. 2016).

Here, the trial court reviewed Buckley's claim on the merits, relying on the Kentucky Supreme Court's holding that the video did not prejudice him. (Doc. # 39 at 24). When the Kentucky Court of Appeals heard the case, it imperfectly discussed the ineffective assistance of counsel claim. (*Id*. at 24-25). Because the court believed the Kentucky Supreme Court had addressed the ineffective assistance of counsel claim and ruled that Buckley was not prejudiced by showing the video, it declined to review the details of the claim and found that it failed *Strickland's* prejudice prong. (*Id*. at 25). This was an imperfect discussion of the claim, but nonetheless a decision on the ultimate claim that warrants deference. *McKinney*, 830 F.3d at 368-69. Because the application of federal law was not objectively unreasonable, Buckley's claim fails.

### 4. *Failure to object to the introduction of Buckley's guns*

The same analysis applies to the issue of Buckley's guns. During the trial, state prosecutors introduced several of Buckley's legally owned firearms into evidence to help prove forcible compulsion for the underlying crime. (Doc. # 39 at 26); *Buckley*, 2015 WL 2339921, at *6-7. The Kentucky Supreme Court ruled that it was wrong to allow the guns

into evidence, but that testimony about them was allowed and it saw no reason that Buckley's trial was impaired because of their presence. *Buckley*, 2015 WL 2339921, at *7. When the Kentucky Court of Appeals reviewed the issue, it made the same error as that made about the ERU video, finding that the Kentucky Supreme Court had already addressed the issue. (Doc. # 39 at 26). However, for the same reasons as above, the Court of Appeals' final decision amounted to a decision that counsel could not have been ineffective because the Kentucky Supreme Court had determined there was no prejudice. This is a valid application of the law and must remain undisturbed.[3]

### 5. *Admission of testimony related to Buckley's military service.*

Magistrate Judge Atkins' analysis here is broadly identical to the preceding two points above. Buckley argued that counsel failed to object to the Commonwealth's repeated discussion of his status as a well-trained veteran of the U.S. Army Rangers. (*Id*. at 27). The Kentucky Supreme Court, on direct appeal, held that the evidence was properly admitted because it was relevant to JR's state of mind and the issue of forcible compulsion—an essential element of the underlying charges. *Buckley*, 2015 WL 233921, at 27-28. Therefore, once decided by that court, it could not be collaterally attacked by proceedings back in Fayette Circuit Court and then at the Kentucky Court of Appeals. (*Id*. at 28-29). Additionally, counsel did object at trial. (*Id*. at 29).

### 6. **Failure to call an expert witness in alternative sexual practices**

Finally, Buckley argued that failure by his attorney to secure an expert in the BDSM (bondage, discipline, and sadomasochism) sexual practices he and JR engaged in prejudiced him because the jury could not understand their behavior in context without

---

[3]  Additionally, as Magistrate Judge Atkins pointed out, Buckley's attorney did in fact object to the admission of the firearms into evidence but was overruled.

that testimony.  (Doc. # 20 at 93-96).  The trial court disagreed, ruling that failure to secure this expert was not ineffective assistance because (1) Buckley did not show how this would have affected the outcome of his trial, and (2) such an expert could not have testified to the material question—whether JR consented to sexual activity with Buckley that day.  (Doc. # 39 at 29-30).  On appeal, the Kentucky Court of Appeals agreed that Buckley failed to meet the *Strickland* standard by failing to show prejudice.  (*Id*. at 30).

"That is a reasonable application of the Strickland standard."  (*Id.*).  Therefore, there is no error, and Buckley's claim fails.

### D. Certificate of Appealability

Finally, Magistrate Judge Atkins recommends that no Certificate of Appealability be issued.  (*Id*. at 32-33).  To get a Certificate of Appealability, Buckley must make a "substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requires him to prove that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  Magistrate Judge Atkins' recommendations are based in statute and clearly established case law and therefore there is no room for disagreement among jurists.  He therefore recommends that no Certificate be issued.  (*Id*. at 33).

## IV. ANALYSIS

### A. Standard of Review

Pursuant to 28 U.S.C. § 636(b)(1)(B), a district court judge may "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition . . . of any motion."  Under Federal Rule of Criminal Procedure 59(b)(1), following a

magistrate judge's recommended disposition, a party has fourteen days to file "specific written objections to the proposed findings and recommendations." The district judge is required to "consider de novo any objection to the magistrate judge's recommendation," and "may accept, reject, or modify the recommendation." Fed. R. Crim. P. 59(b)(3); *see also* 28 U.S.C. § 636(b)(1)(C). Failure to object is considered waiver of the party's right to review. Fed. R. Crim. P. 59(b)(2).

Objections to a magistrate judge's recommended disposition must be "specific written objections to the proposed findings and recommendations." *Id.* This necessitates that "vague, general, or conclusory objections," will not be considered and are "tantamount to a complete failure to object." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). Further, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *United States v. Shephard*, No. 5:09-cr-81-DLB-EBA, 2016 WL 9115464, at *1 (E.D. Ky. Sept. 18, 2016) (quoting *VanDiver v. Martin*, 304 F. Supp. 2d 934, 938 (E.D. Mich. 2004)). A specific objection "explain[s] and cite[s] specific portions of the report which [counsel] deem[s] problematic." *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) (alteration in original) (quoting *Smith v. Chater*, 121 F.3d 709 (6th Cir. 1997) (unpublished table decision)).

**B.    Defendant Buckley's Objections**

Buckley raises a number of objections to Magistrate Judge Atkins' R&R. (*See* Doc. # 44). First, he incorporates by reference all "reasons set forth in the Petition for Writ of Habeas Corpus and Reply Memorandum which were previously filed in this case." (*Id.* at 1). Then, he adds a number of further objections, specifically that Magistrate Judge Atkins

15

(1) failed to consider whether denying the petition would "result in a fundamental miscarriage of justice" as required by the case law, (2) should have granted the Petition on his claims related to the videos, weapons, and mitigation evidence at sentencing, and (3) should have granted the Petition as to his claims of prosecutorial misconduct. (*Id*. at 2-3). The Court will examine each of these objections.

First, Buckley incorporates all the prior arguments from his original Petition and Reply as objections. (*Id*. at 1). But this is not a proper objection. As stated above, an objection that does "nothing more than state a disagreement with a Magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection.'" *Shephard*, 2016 WL 9115464, at *1. Restating arguments that were already addressed by Magistrate Judge Atkins in the R&R is exactly the kind of non-objection contemplated by *Shephard*. It subverts the purpose of an R&R to re-litigate every point raised in the extensive previous filings. Instead, having had his opportunity to be heard on those arguments, Buckley now has the chance to enumerate specific objections he may have to Magistrate Judge Atkins' reasoning and conclusions in the R&R.

This is true of Buckley's second and third objections as well. (*See* Doc. # 44 at 2-4). His second objection is composed of three sub-points: that he should win on his claims relating to (1) video evidence introduced and not introduced, (2) the introduction of his firearms into evidence, and (3) his counsel's failure to present mitigating evidence to his satisfaction. (*Id*. at 2-3). His third objection argues that he should win on his prosecutorial misconduct claims. (*Id*. at 3-4). On none of these objections does Buckley present any new arguments as to why he should prevail—they are just bare assertions that he should win. What's more, they appear to be copied and pasted directly from his Reply on the

original petition. (*Compare* Doc. # 44 at 2-4 *with* Doc. # 36 at 14-17). As with his incorporated "objections," these are also not real objections. They simply state "disagreement with a Magistrate's suggested resolution, or simply summarize[] what has been presented before." *Shephard*, 2016 WL 9115464, at *1. Therefore, they are not actually objections as contemplated by Federal Rule of Criminal Procedure 59, and the R&R stands unchallenged on these points.

Buckley's remaining objection is more meritorious, but still ultimately fails. He argues that Magistrate Judge Atkins failed to examine whether Buckley's petition should be granted on the grounds that denial would result in a fundamental miscarriage of justice. (Doc. # 44 at 1). "Absent cause and prejudice, federal courts may not review issues that are procedurally defaulted unless the petitioner shows that his conviction is the result of a fundamental miscarriage of justice." *Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 724 (N.D. Ohio 2004). In other words, Buckley must show that he is "actually innocent." *Id*. (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (2012)); *see also Schlup v. Delo*, 513 U.S. 298, 327 (1995) ("*Carrier* requires a petitioner to show that he is 'actually innocent.'"). He must bring forward evidence sufficient to show that "it is more likely than not that no reasonable juror would have convicted him"—a standard even higher than that needed to satisfy *Strickland's* prejudice prong. *Schlup*, 513 U.S. at 327.

Buckley cites no existing evidence and provides no new evidence to support his contention that it would be a "fundamental miscarriage of justice" to deny his petition. *See Coleman*, 501 U.S. at 750. His only justification is that he "has always claimed his actual innocence of the charges to which he was convicted. He claimed the activity was consensual." (Doc. # 44 at 2). This is true—he has always maintained that his actions

17

that day were nothing abnormal for him and JR. But this Court requires more than his bare assertion of innocence to grant a petition on the grounds of miscarriage of justice.

As the record stands, the jury had ample evidence to conclude that Buckley is guilty of the crimes charged. The jury viewed the nearly 5-minute video that Buckley recorded of the crimes. (Doc. # 39 at 5). For comparison, the jury also saw two snippets of videos from consensual sexual encounters between Buckley and JR. (*Id*.). The differences were stark. Even if these kinds of practices were standard fare for their relationship, the jury was entirely reasonable to compare the videos from the consensual encounters with the video of the crime and conclude that JR did not consent to Buckley's actions that day. As the Kentucky Supreme Court explained in some detail, Buckley's demeanor was entirely different, his actions more violent, and JR's reactions—"crying, sobbing, and, at the end, screaming"—not consistent with consensual sex, even in the context of their relationship. (*Id*.) (describing the differences between the videos). This Court cannot therefore conclude, on the strength of the evidence as recounted by the Kentucky Supreme Court and agreed to by the parties, that "no reasonable juror would have convicted [Buckley]." *Schlup*, 513 U.S. at 327. Nor can this Court conclude that the actions of the prosecutors, Buckley's prior attorneys, and the three Kentucky courts to hear the case so far, were so "truly extraordinary" that his petition must be granted to avoid a miscarriage of justice. On the contrary: to grant the petition would itself be a grave miscarriage of justice.

**V.      CONCLUSION**

Petitioner has failed to raise any meritorious objections to Judge Atkins' R&R recommending that this Court deny John Calvin Buckley's Petition for a Writ of Habeas

Corpus under 28 U.S.C. § 2254.  Accordingly, **IT IS ORDERED** that:

(1) The Magistrate Judge's Report and Recommendation (Doc. # 39) is **ADOPTED** as the opinion of the Court;

(2) Petitioner's Objections (Doc. # 44) to the Report and Recommendation are **OVERRULED**; and

(3) Petitioner's Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. # 1) is **DISMISSED WITH PREJUDICE**;

(4) The Court finds no merit for an appeal in this matter, therefore a certificate of appealability **SHALL NOT ISSUE**; and

(5) A separate Judgment **shall be filed** concurrently herewith.

This 15th day of May, 2023.



Signed By:
*David L. Bunning*  DB
United States District Judge

K:\DATA\ORDERS\Cov2020\20-436 Order Adopting R&R.docx